FILED
2020 Sep-29 PM 03:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **DRENA DORMAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.: _____ |
| ) | |
| **HOME DEPOT U.S.A., INC., et al,** ) | |
| ) | |
| Defendant. ) | |

## <u>NOTICE OF REMOVAL</u>

COMES NOW the Defendant Home Depot U.S.A., Inc. ("Home Depot"), through its undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes Civil Action number 58-CV-2020-900590 from the Circuit Court of Shelby County, Alabama on the following grounds:

### 1.

On August 27, 2020, Plaintiff filed suit in the Circuit Court of Shelby County, Alabama in an action styled *Drena Dorman v. The Home Depot U.S.A, Inc., et al,* Civil Action No. 58-CV-2020-9000590 (the "Action").

### 2.

On September 1, 2020, Defendant Home Depot received service of Summons and Complaint. True and accurate copies of the Summons and

1

Complaint are attached as Exhibit 1.

3.

Defendant hereby removes this action within thirty days of receiving copies of the Summons and Complaint in this Action. There are no other pleadings on file in the Action. No Defendant has answered or served any pleading in response to the Complaint or made any appearance or argument in the Circuit Court of Shelby County, Alabama.

4.

Complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Alabama. Defendant Home Depot is a Georgia corporation with its principle place of business at 2455 Paces Ferry Road, NW, Atlanta, Georgia.

5.

The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. When it is not apparent from the face of the Complaint whether the jurisdictional amount in controversy is met, the Court may consider "other paper indicating the value of a claim" and "evidence outside of the removal petition if the facts therein existed at the time of removal." *See Pretka v. Kolter City Plaza, Inc.*, 608 F. 3d 744 (11th Cir. 2010). When plaintiffs seek "some unspecified amount that is not self-evidently greater or less

than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 822 (6th Cir. 2006). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). In this action the Plaintiffs most certainly seek recovery of an amount in excess of the jurisdictional amount-in-controversy requirement, exclusive of interest and costs. Plaintiff is alleging damages for medical attention and hospitalization. In addition to the cost of medical treatment, plaintiffs are also claiming damages for "great pain" of body and mind and permanent injuries. Plaintiffs are also claiming punitive damages.

6.

The amount in controversy in this case more than likely exceeds $75,000.00 exclusive of costs.

7.

Defendant is contemporaneously filing a Notice of Removal with the Clerk of Court of the Circuit Court of Shelby County, Alabama. A copy of the Notice of Removal is attached hereto as Exhibit 2.

8.

Defendant files this removal without waiving any defenses to the claim

3

asserted by the Plaintiffs or conceding that Plaintiffs have pled any claims upon which relief can be granted.

**Wherefore,** Defendant Home Depot prays that the Action be removed to this Court.

Respectfully submitted this 29th day of September, 2020.

/s/ David V. Hayes
David V. Hayes
ASB-9596-D62H

**OF COUNSEL**:
Owen, Gleaton, Egan, Jones and Sweeney LLP
303 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30308
Phone: 404-688-2600
Fax: 404-525-4347
dhayes@owengleaton.com

*Attorney for Defendant*

4

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 29th day of September, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____    Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to;

_XXXX_    Using the CM/ECF system which will send notifications of such to the following:

Michael D. Mitchell
THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway
Suite 200
Birmingham, AL 35242
Phone: 205-942-0249
Phone: 205-870-8000

/s/ David V. Hayes
OF COUNSEL

Exhibit 1



AlaFile E-Notice

58-CV-2020-900590.00

To:  THE HOME DEPOT U.S.A., INC.
     C/O CORPORATION SERV. CO
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

DRENA DORMAN V. THE HOME DEPOT U.S.A., INC.
58-CV-2020-900590.00

The following alias summons was FILED on 8/27/2020 10:22:19 AM

Notice Date:     8/27/2020 10:22:19 AM

MARY HARRIS
CIRCUIT COURT CLERK
SHELBY COUNTY, ALABAMA
POST OFFICE BOX 1810
112 NORTH MAIN STREET
COLUMBIANA, AL, 35051

205-669-3760
mary.harris@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>58-CV-2020-900590.00 |
|---|---|---|

**IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA**
**DRENA DORMAN V. THE HOME DEPOT U.S.A., INC.**

NOTICE TO: THE HOME DEPOT U.S.A., INC., C/O CORPORATION SERV. CO 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S),
MICHAEL D MITCHELL

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 512 Montgomery Hwy, Suite 200, Vestavia, AL 35216

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of <u>DORMAN DRENA</u>
pursuant to the Alabama Rules of the Civil Procedure.    *[Name(s)]*

| 08/27/2020 | /s/ MARY HARRIS | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.    /s/ MICHAEL D MITCHELL
*(Plaintiff's/Attorney's Signature)*

**RETURN ON SERVICE**

☐ Return receipt of certified mail received in this office on _____ .
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*           *(Name of County)*

Alabama on _____ .
*(Date)*

_____        *(Address of Server)*
*(Type of Process Server)*    *(Server's Signature)*

_____        _____
*(Server's Printed Name)*    *(Phone Number of Server)*

DOCUMENT 8

DOCUMENT 1

ELECTRONICALLY FILED
8/27/2020 10:22 AM
58-CV-2020-900590.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Ca<br>58<br><br>Date of Filing:<br>07/27/2020 | MARY HARRIS, CLERK<br><br>Judge Code: |

## GENERAL INFORMATION

### IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA
### DRENA DORMAN v. THE HOME DEPOT U.S.A., INC.

First Plaintiff: ☐ Business  ☑ Individual  First Defendant: ☑ Business  ☐ Individual
☐ Government  ☐ Other  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
☐ WDEA - Wrongful Death
☐ TONG - Negligence: General
☑ TOMV - Negligence: Motor Vehicle
☐ TOWA - Wantonness
☐ TOPL - Product Liability/AEMLD
☐ TOMM - Malpractice-Medical
☐ TOLM - Malpractice-Legal
☐ TOOM - Malpractice-Other
☐ TBFM - Fraud/Bad Faith/Misrepresentation
☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
☐ TOPE - Personal Property
☐ TORE - Real Property

**OTHER CIVIL FILINGS**
☐ ABAN - Abandoned Automobile
☐ ACCT - Account & Nonmortgage
☐ APAA - Administrative Agency Appeal
☐ ADPA - Administrative Procedure Act
☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/
Enforcement of Agency Subpoena/Petition to Preserve
☐ CVRT - Civil Rights
☐ COND - Condemnation/Eminent Domain/Right-of-Way
☐ CTMP - Contempt of Court
☐ CONT - Contract/Ejectment/Writ of Seizure
☐ TOCN - Conversion
☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/
Injunction Election Contest/Quiet Title/Sale For Division
☐ CVUD - Eviction Appeal/Unlawful Detainer
☐ FORJ - Foreign Judgment
☐ FORF - Fruits of Crime Forfeiture
☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
☐ PFAB - Protection From Abuse
☐ EPFA - Elder Protection From Abuse
☐ FELA - Railroad/Seaman (FELA)
☐ RPRO - Real Property
☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
☐ COMP - Workers' Compensation
☐ CVXX - Miscellaneous Circuit Civil Case

ORIGIN:   F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                              DISTRICT COURT

              R ☐ REMANDED           T ☐ TRANSFERRED FROM
                                              OTHER CIRCUIT COURT

HAS JURY TRIAL BEEN DEMANDED?   ☐ YES ☑ NO   Note: Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

RELIEF REQUESTED:   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

ATTORNEY CODE:
MIT036          7/27/2020 9:03:23 AM          /s/ MICHAEL D MITCHELL
                      Date                              Signature of Attorney/Party filing this form

MEDIATION REQUESTED:   ☐ YES ☑ NO  ☐ UNDECIDED

Election to Proceed under the Alabama Rules for Expedited Civil Actions:   ☐ YES ☑ NO

DOCUMENT 8

DOCUMENT 2

ELECTRONICALLY FILED
7/27/2020 9:03 AM
58-CV-2020-900590.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT OF SHELBY COUNTY, ALABAMA

CIVIL ACTION NO.: _____

DRENA DORMAN,

     Plaintiff,

v.

THE HOME DEPOT U.S.A, INC.; and
those other entities whose true name and identities are unknown to the Plaintiff at this time
who may be legally responsible for the claims(s) set forth herein who may be added by
amendment by the Plaintiff when their true names and identities are accurately ascertained
by further discovery.  Until that time, the Plaintiff will designate these parties in
accordance with ARCP9(h).  The word "entity" as used herein is intended to refer to and
include any and all legal entities including individual persons, any and all forms of
partnerships, any and all legal entities including individual persons, any and all forms of
partnerships, and and all types of corporations and unincorporated associations.  The
symbol by which these party defendants are designated is intended to include more than
one entity in the characterizations of the symbol applies to more than one "entity".  In the
present action, the party defendants which the Plaintiff must include by descriptive
characterization are as follows: Defendant "A", that person or entity which owns the
premises where the Plaintiff was injured; Defendant "B", that entity which operates the
area where the Plaintiff was injured; Defendant "C", that entity responsible for
maintaining the premises and area where the Plaintiff was injured; Defendant "D", that
entity doing business which occupies and controls the operation of business which occupies
the premises where the Plaintiff was injured; Defendant "E", that entity which controls the
operation of the business which occupies the premises where the Plaintiff was injured;
Defendant "F", that entity other than those described above whose negligence, wantonness
or other wrongful conduct contributed to cause the occurrence made the basis of Plaintiff's
Complaint; and Defendant "G", that entity, other than those entities described above, who
or which is the successor in interest of any of those entities described above, all whose
names are otherwise unknown by the Plaintiff, but will be added by amendment when
ascertained,

                                               )
     Defendants.                         )

## COMPLAINT

    1.    Plaintiff, Drena Dorman, is over the age of nineteen (19) years, and is a resident

of the State of Alabama.

DOCUMENT 8

DOCUMENT 2

2.      Defendant, The Home Depot U.S.A., Inc., is a Dealware corporation doing business in the State of Alabama.

3.      Fictitious Defendants "A" through "G" are those parties whose conduct, jointly and severally, contributed or caused plaintiff's damages and injuries and whose identities, after diligent search, are otherwise unknown to the Plaintiff at this time, or if their names are known to the Plaintiff at this time, their identities as proper party defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained.

4.      On or about the 2nd day of February 2019, Plaintiff, Drena Dorman, was a business invitee on the premises of the Defendant, The Home Depot U.S.A Inc. ("Home Depot") located at 3191 Pelham Parkway, Pelham, Shelby County, Alabama.  At said time and place, Plaintiff, Drena Dorman, was at a place where she lawfully had a right to be and was caused to fall due to the negligence and/or wantonness of Defendant while on said premises and was injured as set forth hereinafter.

<u>COUNT ONE</u>

5.      Plaintiff re-asserts, re-alleges and incorporates by reference paragraphs 1 through 4 if as set forth fully herein.

6.      On the above-mentioned date and at said time and place, Plaintiff, Drena Dorman, who was a customer of Defendant, Home Depot, was caused to sustain an injury to her body on the Home Depot premises as a result of unreasonably dangerous conditions on said premises of Defendant, specifically a defect in the floor in the public walkway inside the store. Due to this unreasonable condition,  the Plaintiff  fell onto the concrete floor, injuring her body, including her head, with such force and violence, causing the injuries herein alleged.  Defendant, Home Depot, had superior knowledge of this dangerous condition which constitutes negligence and/or

DOCUMENT 8
DOCUMENT 2

wantonness. With knowledge that a dangerous condition existed, Defendant, Home Depot, negligently and/or wantonly failed to maintain said premises and allow said condition to remain, without warning Plaintiff of the presence of the dangerous and hazardous condition that it posed.

7.      The Plaintiff further avers that on said occasion at said location, Defendant, Home Depot, caused, allowed or permitted the portion of the grounds where the Plaintiff, Drena Dorman fell to be in such condition that is was not reasonably safe for members of the public, including Drena Dorman, to use and as a proximate consequence of the negligent conduct Home Depot and fictitious party defendants, Plaintiff Drena Dorman was caused to sustain an injuries and suffer damages hereinafter alleged.

8.      As a direct and proximate consequence of the negligence and/or wantonness of Defendant Home Depot, Plaintiff Drena Dorman was caused to suffer damages including, but not limited to, physical injuries to her body, great pain of body and mind, expenses for medical attention and hospitalization, permanent injuries, as well as all other damages allowed by law.

9.      The Plaintiff specifically avers that the negligent and/or wanton conduct of Home Depot and fictitious party defendants combined and concurred to proximately cause the injuries and damages as set out above.

WHEREFORE, Plaintiff, Drena Dorman, demands judgment against the Defendant, Home Depot and fictitious party defendants, jointly and severally, for compensatory and punitive damages in an amount to be determined by a trier of fact, plus costs.

                                    _/s/ Michael D. Mitchell_____
                                    Michael D. Mitchell
                                    Attorney for Plaintiff Drena Dorman

DOCUMENT 8

DOCUMENT 2

OF COUNSEL:

THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway, Ste. 200
Birmingham, Alabama 35242
Telephone:  205-942-0249
Telephone:  205-870-8000

PLEASE SERVE DEFENDANT VIA CERTIFIED MAIL AS FOLLOWS:

The Home Depot U.S.A, Inc.
c/o The Corporation Company
60 Commerce Street
Montgomery, Alabama  36103

Exhibit 2



ELECTRONICALLY FILED
9/29/2020 11:53 AM
58-CV-2020-900590.00
CIRCUIT COURT OF
SHELBY COUNTY, ALABAMA
MARY HARRIS, CLERK

## IN THE CIRCUIT COURT FOR SHELBY COUNTY
## STATE OF ALABAMA

**DRENA DORMAN,**

    **Plaintiff,**

**v.**

**HOME DEPOT U.S.A., INC., et al,**

    **Defendant.**

**CIVIL ACTION**
**FILE NO. 58-CV-2020-900590.0-0**

### NOTICE OF FILING NOTICE OF REMOVAL

COMES NOW the Defendant, through its undersigned counsel, and hereby gives notice

that it has filed a Notice of Removal in the United States District Court for the Northern District

of Alabama of the case styled *Drena Dorman vs. Home Depot U.S.A., Inc.* A copy of the Notice

of Removal is attached as Exhibit A.

Respectfully submitted this 29th day of September, 2020.

/s/ David V. Hayes
David V. Hayes
ASB-9596-D62H

**OF COUNSEL:**
Owen, Gleaton, Egan, Jones and Sweeney LLP
303 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30308
Phone: 404-688-2600
Fax: 404-525-4347
dhayes@owengleaton.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

        _____        Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to;

        XXXX        Using the CM/ECF system which will send notifications of such to the following:

Michael D. Mitchell
THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway
Suite 200
Birmingham, AL 35242
Phone: 205-942-0249
Phone: 205-870-8000

/s/ David V. Hayes
OF COUNSEL

2

Exhibit A

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DRENA DORMAN,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No.: _____ |
| | ) |
| **HOME DEPOT U.S.A., INC., et al,** | ) |
| | ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

COMES NOW the Defendant Home Depot U.S.A., Inc. ("Home Depot"),

through its undersigned counsel, pursuant to 28 U.S.C. §§1332, 1441 and 1446,

hereby removes Civil Action number 58-CV-2020-900590 from the Circuit Court

of Shelby County, Alabama on the following grounds:

1.

On August 27, 2020, Plaintiff filed suit in the Circuit Court of Shelby

County, Alabama in an action styled *Drena Dorman v. The Home Depot U.S.A,*

*Inc., et al,* Civil Action No. 58-CV-2020-9000590 (the "Action").

2.

On September 1, 2020, Defendant Home Depot received service of

Summons and Complaint. True and accurate copies of the Summons and

Complaint are attached as Exhibit 1.

3.

Defendant hereby removes this action within thirty days of receiving copies of the Summons and Complaint in this Action. There are no other pleadings on file in the Action. No Defendant has answered or served any pleading in response to the Complaint or made any appearance or argument in the Circuit Court of Shelby County, Alabama.

4.

Complete diversity of citizenship exists between the parties as required by 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Alabama. Defendant Home Depot is a Georgia corporation with its principle place of business at 2455 Paces Ferry Road, NW, Atlanta, Georgia.

5.

The amount in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs. When it is not apparent from the face of the Complaint whether the jurisdictional amount in controversy is met, the Court may consider "other paper indicating the value of a claim" and "evidence outside of the removal petition if the facts therein existed at the time of removal." *See Pretka v. Kolter City Plaza, Inc.*, 608 F. 3d 744 (11th Cir. 2010). When plaintiffs seek "some unspecified amount that is not self-evidently greater or less

2

than the federal amount-in-controversy requirement, the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds \$75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 822 (6th Cir. 2006). *See also Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (allowing district courts to consider whether it is "facially apparent" from a complaint that the amount in controversy is met). In this action the Plaintiffs most certainly seek recovery of an amount in excess of the jurisdictional amount-in-controversy requirement, exclusive of interest and costs. Plaintiff is alleging damages for medical attention and hospitalization. In addition to the cost of medical treatment, plaintiffs are also claiming damages for "great pain" of body and mind and permanent injuries. Plaintiffs are also claiming punitive damages.

6.

The amount in controversy in this case more than likely exceeds \$75,000.00 exclusive of costs.

7.

Defendant is contemporaneously filing a Notice of Removal with the Clerk of Court of the Circuit Court of Shelby County, Alabama. A copy of the Notice of Removal is attached hereto as Exhibit 2.

8.

Defendant files this removal without waiving any defenses to the claim

3

asserted by the Plaintiffs or conceding that Plaintiffs have pled any claims upon which relief can be granted.

**Wherefore,** Defendant Home Depot prays that the Action be removed to this Court.

Respectfully submitted this 29th day of September, 2020.

/s/ David V. Hayes
David V. Hayes
ASB-9596-D62H

**OF COUNSEL:**
Owen, Gleaton, Egan, Jones and Sweeney LLP
303 Peachtree Street, NE
Suite 2850
Atlanta, Georgia 30308
Phone: 404-688-2600
Fax: 404-525-4347
dhayes@owengleaton.com

*Attorney for Defendant*

4

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to;

__XXXX__ Using the CM/ECF system which will send notifications of such to the following:

Michael D. Mitchell
THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway
Suite 200
Birmingham, AL 35242
Phone: 205-942-0249
Phone: 205-870-8000

/s/ David V. Hayes
OF COUNSEL

5

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of September, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

_____ Placing a copy of same in the United States Mail, properly addressed and first class postage prepaid to;

__XXXX__ Using the CM/ECF system which will send notifications of such to the following:

Michael D. Mitchell
THE MITCHELL LAW FIRM, LLC
512 Montgomery Highway
Suite 200
Birmingham, AL 35242
Phone: 205-942-0249
Phone: 205-870-8000

/s/ David V. Hayes
OF COUNSEL

5